# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUORDALIS V. SANDERS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WISCONSIN DEAPRTMENT OF CORRECTIONS DIVISION OF COMMUNITY CORRECTIONS, BRIANN GERILER, and JOHN DOES,<br><br>　　　　　　　Defendants. | Case No. 23-CV-1664-JPS<br><br>**ORDER** |

　　　　Plaintiff Quordalis V. Sanders, a Wisconsin state prisoner who is representing himself pro se, filed this lawsuit under 42 U.S.C. §1983. ECF No. 1. On December 15, 2023, the Court found that Plaintiff was ineligible to proceed without prepayment of the filing fee and ordered him to pay the full $405.00 filing fee on or before January 5, 2024. ECF No. 3. On December 27, 2023, Plaintiff filed a motion to reassign case and for recusal of judge. ECF No. 4. On January 3, 2024, Plaintiff filed a motion for an order to show cause and to appoint counsel. ECF No. 5.

　　　　Plaintiff requests reassignment of this case based upon this Court's "improper" denial of his ability to proceed without prepayment of the filing fee and Plaintiff's new case against the undersigned for conspiracy in reference to Case No. 23-CV-1627-JPS. ECF No. 4. Both 28 U.S.C. § 144 and § 455(b)(1) require a judge to disqualify himself from deciding a case if he has a "personal prejudice or bias" concerning a party. Plaintiff's motion notably fails to comply with the requirement in § 144 requiring an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists."

28 U.S.C. § 144. "A trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.1972)). Plaintiff's conclusory statement of bias and prejudice fails to present any basis for recusal under § 144.

Similarly, § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302. This is an objective inquiry. *Id.* The Court must look at any potential conflicts or bias "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.* There is nothing in Plaintiff's motion that would cause a "reasonable observer who is informed of all of the surrounding facts and circumstances" to question the Court's impartiality. Therefore, there is no basis for recusal under 28 U.S.C. § 455. As such, the Court will accordingly deny Plaintiff's motion for reassignment and recusal.

Plaintiff's deadline to pay the filing fee in full has passed and Plaintiff was previously warned that failure to pay the filing fee would result in the dismissal of this action without further notice. *See* ECF No. 3. As such, the Court will dismiss this case without prejudice for failure to pay the filing fee. The Court will also deny Plaintiff's motion for an order to show cause and to appoint counsel, ECF No. 5, as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to reassign case and for recusal of judge, ECF No. 4, be and the same is hereby **DENIED**;

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to pay the filing fee; and

**IT IS ORDERED** that Plaintiff's motion for an order to show cause and to appoint counsel, ECF No. 5, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, the 19th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge